UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ALEJANDRO FABIO CORZO ALMEIDA,

Petitioner,

v. Case No. 3:26-cv-1165-MMH-PDB

WARDEN FLORIDA BAKER
CORRECTIONAL INSTITUTE, et al.,

Respondents.

---

**ORDER**

Petitioner Alejandro Fabio Corzo Almeida, an immigration detainee, initiated this action through counsel by filing a Petition for Writ of Habeas Corpus (Doc. 1) on May 6, 2026. He is proceeding on an Amended Petition (Doc. 6). Almeida, a citizen of Cuba, was paroled into the United States on November 8, 2023, under the CHNV (Cuba, Haiti, Nicaragua, and Venezuela) Humanitarian Parole Program. Doc. 6 at 3; see also Doc.; 9-1 at 3. On June 13, 2025, the Department of Homeland Security notified Almeida that his parole was revoked. Doc. 9-1 at 3. And on March 29, 2026, United States Immigration and Customs Enforcement detained Almeida. Doc. 6 at 3. The crux of Almeida's Amended Petition is that he is not subject to mandatory detention under 8

U.S.C. § 1225(b). Id. at 3–4. As relief, he seeks, inter alia, immediate release. Id. at 4.

The Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Almeida, who is detained at or near the border, paroled into the United States, and is re-detained years later, its reasoning also applies to this case. Almeida was not seeking entry at the border when he was re-detained; therefore, he is not subject to § 1225. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1. Almeida's Amended Petition for Writ of Habeas Corpus (Doc. 6) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act.[1] Within **seven days** of

[1] Because the Court finds that Almeida is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

this Order, Respondents shall either afford Almeida an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him. If Respondents release Almeida, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Amended Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of August, 2026.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 8/20
c:
Counsel of Record